STATE OF NORTH CAROLINA v. BOBBY DALE JACKSON

No. 8110SC1255

(Filed 7 September 1982)

Larceny § 7— larceny of boat—insufficiency of evidence

> The evidence was insufficient to support defendant's conviction of larceny of a boat where the State's evidence showed only that defendant was in the presence of a codefendant who was identified as one of the two men who stole the boat both before and after the boat was taken, and defendant testified that he was with the codefendant all evening but neither one of them took the boat.

APPEAL by defendant from *Preston, Judge.* Judgment entered 15 September 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 5 May 1982.

The defendant and Roy Williams were tried for the larceny of a boat and accessories belonging to William Larry Thorne on 21 March 1981. Mr. Thorne testified that he operated a store approximately three miles north of Fuquay-Varina on Highway 401.

His mother lived in a mobile home 200 yards from the store on a road that runs off Highway 401. Mr Thorne testified further that on the evening of 21 March 1981 he owned a boat which was on a trailer in his mother's yard. The defendant and Roy Williams were in Mr. Thorne's store early in the evening on 21 March 1981.

On 21 March 1981 Gerald Clay Bush and Jackie Nesmith were sitting in Mr. Bush's automobile near Mr. Thorne's store. It was dark. They saw a red truck turn down the road towards Mr. Thorne's mother's home and come out a few minutes later pulling a trailer with Mr. Thorne's boat on it. Mr. Bush and Mr. Nesmith followed the red truck for approximately nine miles before returning to Mr. Thorne's store to tell him what they had seen. Mr. Bush could not identify the defendant as one of the two men they had seen in the red truck. Mr. Nesmith is deaf and testified with some difficulty. He testified that he was at the store in Mr. Bush's automobile and Mr. Bush drove while they followed the truck towing the boat. Mr. Nesmith was able to get the numbers "146" from the license plate on the truck. As to the identity of the two men in the truck, he testified as follows:

"Q. Okay, now, at any time on that day did you happen to see the two defendants in this case, Mr. Jackson and Mr. Williams?

A. Yes, sir.

Q. All right, sir, what time—when did you first see them, Jackie?

A. I saw them at the store. The truck leave.

Q. What store? You saw them at Larry's store?

A. I saw them when we went out on the highway somewhere and when he was following behind them.

Q. Now, Jackie, the first time you saw them on the 21st of March, the first time where were they? Where were they?

A. (Nods head.)

REPORTER'S NOTE: This witness seems to be hard of hearing and speaks in almost inaudible voice.

Q. Where were they when you first saw them on the 21st of March? Where were you?

State v. Jackson

A. We were following behind them and parked down the road somewhere and when I got the license plate, I didn't get all of it. The license plate number was 146.

JUROR: We can't hear.

JUROR: Your Honor, we can't hear.

\*    \*    \*

Q. What did you do after you got the numbers off of the tag? Don't understand me? Did you know that Larry owned a boat?

A. No.

Q. You didn't. How many people in the truck?

A. Two. (Holds up two fingers.)

Q. Did you see a face in the truck?

A. Yes.

Q. Is the person you saw in the truck—

A. (Nods head.)

Q. In the courtroom today?

A. Yes.

Q. Can you point him out to us?

A. (Nods head.) One of those two men right there. (Pointing.)

Q. You saw one of those men—

A. (Nods.)

Q. —in the truck?

A. (Nods head.)

Q. Which one did you see?

A. The one got glasses on.

Q. The man with the glasses on?

A. Yes.

COURT: Let the record show that the witness referred to Roy Williams, the defendant."

On cross-examination, Mr. Nesmith answered a question as to when he saw the two people in the truck as follows:

"We follow them, behind them and slow down and I saw the face of the old man. He got a mustache and the boy was sitting over there. Look like a mustache."

After Mr. Bush and Mr. Nesmith returned to the store, the two of them and Mr. Thorne began to search for the boat. They found Roy Williams and the defendant in a trailer park standing by the red truck which had pulled the boat. The boat was never found.

The defendant testified he was with Roy Williams on the night of 21 March 1981 and they did not take the boat. The defendant was found guilty of felonious larceny and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Dement, Askew and Gaskins, by Johnny S. Gaskins, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the denial of his motion to dismiss at the close of all the evidence. We believe this assignment of error is well taken. The evidence against the defendant is that he was in the presence of Mr. Williams, who was identified as one of two men who stole Mr. Thorne's boat, before and after the boat was taken. The defendant testified he was with Mr. Williams all evening but they did not take the boat. We do not believe this is substantial evidence that the defendant took the boat. The defendant's testimony that he was with Mr. Williams all evening and neither one of them took the boat is evidence that Mr. Williams did not take the boat and not evidence that the defendant took it.

We do not believe the testimony of Mr. Nesmith is helpful to the State. He did state that he saw both defendants in the truck at the time the boat was being pulled away from Mr. Thorne's

mother's home. We believe this testimony is too equivocal to have probative force. The witness did not testify he was able to recognize the defendant when he observed two men in the truck. When asked if he saw the face of either man in the truck, he said he saw Mr. Williams' face. He did not say he saw the defendant's face. We think a fair reading of this testimony is that the witness testified he recognized Mr. Williams in the truck and testified the defendant was in the truck because he assumed he was one of the two guilty parties.

We hold there was not substantial evidence of the defendant's guilt and the *motion to dismiss should have been allowed. See State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

Reversed and remanded.

Judges WELLS and WHICHARD concur.